SEYMOUR, PLAINTIFF-APPELLANT, v. YOUNG, ADMR. BUREAU OF WORKMEN'S COMPENSATION AND SWIFT AND CO., DEFENDANTS-APPELLEES.

Ohio Appeals, Tenth District, Franklin County.

No. 6252.   Decided March 29, 1960.

476

*Mr. John S. Mitchell* and *Mr. John M. Tobin*, for plaintiff-appellant.

*Mr. Mark McElroy*, attornel general, and *Mr. Wm. G. Carpenter*, assistant attorney general, for defendant-appellee, James L. Young, Admr., Bureau of Workmen's Compensation.

*Messrs. Jenkins, Williams, Wendt, Murray & Deeg, Mr. Gordon E. Williams*, of counsel, for defendant-appellee, Swift & Co.

(McLaughlin, J., of the Fifth District, sitting by designation in the Tenth District.)

Duffy, J. On November 2, 1948, John Seymour was injured in the course of his employment and his claim was recognized by the Industrial Commission of Ohio, and he received some compensation for his injury. The last order of the Industrial Commission reads as follows:

"This day to-wit, April 24, 1956, this claim coming on for hearing for consideration of the Commission upon employer's Appeal, filed February 16, 1956 and claimant's Appeal, filed February 3, 1956, from the Columbus Regional Board of Review, together with the other proof of record, upon consideration thereof, it is the finding of the Commission that a prehearing conference will not serve a useful purpose and the same is hereby dispensed with.

"After considering all of the proof presented to it including the contents of the claim file, the Commission finds that the claimant's disability does not exceed 70% and that he has heretofore been compensated for such disability.

"The Commission further finds that claimant's spendylothesis and osteoporosis were not caused nor aggravated by the injury upon which this claim is based."

An appeal was taken to the Court of Common Pleas of Franklin County by the claimant, John Seymour, where the is-

sue was: Did the injury of November 2, 1948 aggravate a pre-existing osteoporosis in the claimant's back.

The parties waived a jury and tried the case before the Common Pleas Judge who, after hearing the testimony of the claimant and three doctors, concluded that the claimant had not sustained a burden of proof and was not entitled to participate further in the State Insurance Fund. From this ruling of the Court of Common Pleas the claimant, John Seymour, has appealed to this Court and gives as his assignments of error, the following:

1. The trial court erred in finding that the plaintiff had failed to sustain the burden of proof.

2. The trial court erred in failing to find that the evidence presented by the plaintiff established his claim that his condition of osteoporosis was aggravated and made disabling as the direct result of his injury of November 2, 1948.

3. That the Court of Common Pleas erred in finding that the plaintiff was not entitled to participate further in the State Insurance Fund.

The Doctor testifying on behalf of the claimant stated, in his opinion, "That there is a definite relationship between the injury and the symptoms that followed and have continued and that these symptoms arise from the aggravation of the osteoporosis." In his explanation of his opinion the Doctor stated "The symptoms that he had given are more or less typical of that of osteoporosis and inasmuch as he had not had difficulty prior to the injury and has subsequently continued to show these symptoms and signs, I feel that this is the result of an aggravation of this pre-existing condition."

The other two Doctors testified on behalf of the employer and the Bureau of Workmen's Compensation, and stated that the injury would not aggravate the pre-existing osteoporosis, which is apparently a decalcification of the bone and in this case affected the vertebrae. One of these doctors did testify that injury precipitates symptoms but both stated definitely that the injury could not alter the process of the disease which they hold to be essentially a metabolic condition.

While it is confusing to one not trained in the profession of medicine to understand how the underlying disease itself could not be aggravated although the symptoms of pain and

stiffness are increased, the parties agreed to leave the determination to the trial court, and in view of the conflicting testimony of the doctors, we cannot say the finding is contrary to law.

The judgment of the Court of Common Pleas is therefore affirmed.

BRYANT, P. J., and McLAUGHLIN, J., concur.